PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile: (510) 452-5625

Attorneys for Plaintiff
M. HOPE YOUNG

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M. HOPE YOUNG,

    Plaintiff,

v.

ALPHONSO JACKSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPT. OF HOUSING AND URBAN DEVELOPMENT, MARC ROTHBERG, GEORGE WEIDENFELLER, and FAYE AUSTIN,

    Defendants.

NO. C 07 2413 BZ

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND EMPLOYMENT DISCRIMINATION**

**(JURY TRIAL DEMANDED)**

Plaintiff M. HOPE YOUNG, by and through her attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises under 42 U.S.C. Sections 1981(a), 2000(e) and 1983. Plaintiff invokes jurisdiction over her federal claim pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343. The acts and practices complained of herein occurred in the County of San

1  Francisco, California, within this judicial district.

2.  Plaintiff invokes jurisdiction over her state law claims pursuant to the provisions of 28 U.S.C. § 1367. The claims that arise under state law relate to claims within the original jurisdiction of this Court such that the federal and state claims form part of the same case and controversy under Article III of the United States Constitution.

**PARTIES**

3.  Plaintiff M. HOPE YOUNG ("Ms. YOUNG") is, and at all times mentioned herein was, a citizen and resident of the State of California, residing in the County of Alameda. Commencing in or around 1992, and at all relevant times herein mentioned, YOUNG was an employee of the U.S. Department of Housing and Urban Development ("HUD").

4.  At all relevant times herein mentioned, Defendant ALPHONSO JACKSON ("JACKSON") was the Secretary of HUD. The U.S. Senate unanimously confirmed Defendant JACKSON as the Secretary of HUD on March 31, 2004. In doing the things alleged herein, Defendant JACKSON was acting within the course and scope of his employment. He is sued in his official capacity only as an agent of HUD. At all relevant times herein mentioned, HUD was an independent agency of the United States government's Executive branch, charged with the duty and responsibility to increase home ownership, support community development and increase access to affordable housing free from discrimination throughout the United States.

5.  At all relevant times herein mentioned, Defendant FAYE AUSTIN ("AUSTIN") was Regional Counsel, Region IX of HUD. In doing the things alleged herein, Defendant AUSTIN was acting within the course and scope of her employment. She is sued in her individual capacity.

6.  At all relevant times herein mentioned, Defendant MARC ROTHBERG ("ROTHBERG") was Supervisor Attorney, Region IX of HUD. In doing the things alleged herein, Defendant ROTHBERG was acting within the course and scope of his employment. He is sued in his individual capacity.

7.  At all relevant times herein mentioned, Defendant GEORGE

1  WEIDENFELLER ("WEIDENFELLER") was Deputy General Counsel of HUD. In doing the
2  things alleged herein, Defendant WEIDENFELLER was acting within the course and scope of his
3  employment. He is sued in his individual capacity.

### FACTUAL ALLEGATIONS

8.  At all relevant times herein, two African American women held attorney positions at HUD, Ms. YOUNG and Defendant AUSTIN. Ms. YOUNG is employed as a GS-14 attorney, Step 7. Defendant AUSTIN is, and at all relevant times herein has been one of Ms. YOUNG's supervisors.

9.  Ms. YOUNG is one of the most senior HUD Fair Housing attorneys and, until January 2004, received much praise for her work throughout the course of her employment with HUD.

10.  In or around late January 2004, Ms. YOUNG was passed over for a voluntary reassignment position to Supervisory Associate Field Counsel, Office of the General Counsel in San Francisco, California. Prospective candidates for this position included Ms. YOUNG, Defendant ROTHBERG and one other female attorney. The female attorneys had significantly more experience in defensive litigation, fair housing enforcement and supervisory responsibilities than Defendant ROTHBERG. Nonetheless, Defendant ROTHBERG, a white male, was selected for the position.

11.  Defendant ROTHBERG regularly sought professional advice from Ms. YOUNG in fair housing matters after his appointment to his position. Ms. YOUNG proved so helpful to Defendant ROTHBERG that he recommended her for a two-day time off award under HUD's Performance and Incentive Awards program.

12.  On or around March 3, 2004, in response to Defendant ROTHBERG's appointment despite his lesser qualifications, Ms. YOUNG sought counseling from HUD's Equal Opportunity Office (hereinafter "EEO") and filed a complaint against Defendants AUSTIN and WEIDENFELLER for discriminatory promotion practices. Upon receipt of EEO's Notice of Acceptance of Ms. YOUNG's EEO complaint, Defendant AUSTIN and ROTHBERG's behavior

1  toward Ms. YOUNG began its decline.

2     13.   Over the course of the next three years, Defendants ROTHBERG and AUSTIN engaged in a course of conduct designed to harass and intimidate Ms. YOUNG, by falsely accusing her of not performing her assignments, that she was neglecting her duties, and assigning various staff persons to monitor her work hours and daily activities.

    14.   Defendant ROTHBERG began to monitor Ms. YOUNG's daily arrival and departure times at work. Meanwhile, Defendant ROTHBERG did not criticize the arrival and departure times of Ms. YOUNG's Caucasian male colleague, Kim Marlia. Mr. Marlia achieved notoriety in the office for his failure to arrive on time and early departure times. He was neither chided nor disciplined for his lack of punctuality.

    15.   HUD allows its employees to telework one day a week in order to accommodate their responsibilities with regard to dependents and other family members. Ms. YOUNG, as well as other HUD employees, frequently changed the day they teleworked. During a fair housing training in New York in June 2004, Ms. YOUNG was informed that she could not change her telework day to another day during the week. Other staff, however, remained allowed to change their telework schedules and were even permitted to telework more than one day per week.

    16.   Ms. YOUNG questioned Defendant ROTHBERG's motives for restricting her ability to telework in an e-mail to which Defendant ROTHBERG did not respond. Subsequent to this alteration in the terms of Ms. YOUNG's employment, Defendant ROTHBERG began forcing Ms. YOUNG to fill out leave slips for arriving five to ten minutes late at the office. Ms. YOUNG was singled out and punished for slightly late arrivals while others, including Mr. Malia, who arrived much later, faced no consequences.

    17.   In August 2004, Defendant ROTHBERG notified Ms. YOUNG and two other HUD attorneys that he was resigning from his position. When Ms. YOUNG inquired as to why, he responded that Defendant AUSTIN was commanding him to discriminate against some employees. Defendant AUSTIN was on vacation at this time and thus, Ms. YOUNG acted as the fair housing supervisor in Defendant AUSTIN and ROTHBERG's absence. One week later,

Defendant ROTHBERG resumed his position.

18. On September 23, 2004, Defendant ROTHBERG suddenly suspended Ms. YOUNG's participation in HUD's credit hour program. His stated reason for the suspension was Ms. YOUNG's alleged lack of productivity. Ms. Young had been spending most of her time negotiating the terms of the biggest settlement agreement in the nation for a fair housing case within HUD.

19. Suspension from the credit hour program was a disciplinary action and Defendant ROTHBERG did not follow HUD procedure in taking this action. Upon information and belief, HUD policy requires an oral admonishment followed by a written warning prior to official disciplinary action being taken. Neither of these occurred.

20. Ms. YOUNG has exhausted her administrative remedies with respect to the United States Civil Rights Act of 1964 (42 U.S.C. § 2000e) by submitting a charge to HUD's Office of Departmental Equal Employment Opportunity ("EEO"). On February 21, 2007, HUD issued a Final Agency Decision.

21.. At all times herein mentioned, each Defendant was an employee and agent of each remaining Defendant, and acted within the scope of said employment and agency when committing the acts and omissions described in this Complaint. YOUNG believes and alleges that each wrongful act and omission by a Defendant was committed with express or implied approval of every other Defendant, and that each Defendant ratified and approved all acts and omissions of the others. Despite HUD's knowledge of Defendant AUSTIN and ROTHBERG's discriminatory conduct, it continued to employ them in management position, and thereby ratified and approved their actions.

### DAMAGES

22. As a result of the acts alleged herein, Ms. YOUNG sustained and will continue to sustain substantial loss of earnings, and benefits in an amount to be determined according to proof. In addition, Ms. YOUNG has suffered and will continue to suffer damages to her career and reputation, in an amount to be determined according to proof.

23. As a further proximate result of the Defendants' actions as alleged herein, Ms. YOUNG was humiliated, hurt and injured in her health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to her damage in an amount to be shown according to proof.

24. The individual Defendants' acts were willful, wanton, malicious and oppressive in that they knew or should have known that their conduct was unreasonable and illegal. Furthermore, Defendants' acts were carried out in wilful and conscious disregard of Ms. YOUNG's rights and well-being, entitling Ms. YOUNG to punitive damages in an amount appropriate to punish or make an example of them.

**FIRST CAUSE OF ACTION**
**VIOLATION OF TITLE VII**
**SEX DISCRIMINATION**
**(AGAINST HUD)**

25. YOUNG realleges and incorporates by reference Paragraphs 1 through 24 as if fully set forth herein.

26. This action is brought pursuant to Title VII, to obtain relief for Ms. YOUNG for discrimination and harassment YOUNG suffered in employment because of Ms. YOUNG's sex.

27. As a female, YOUNG is a member of a protected group under Title VII.

28. Ms. YOUNG was subjected to Defendant's discriminatory and harassing conduct as set forth above, Defendant's conduct was unwelcome by Ms. YOUNG, Defendant's conduct were sufficiently severe and pervasive to alter the conditions of Ms. YOUNG's employment and create a hostile work environment. Ms. YOUNG perceived her working environment to be a hostile working environment, and a reasonable woman in Plaintiff's circumstances would consider the working environment to be hostile.

29. Defendant's conduct as set forth above was in violation of Title VII and caused Ms. YOUNG to suffer damages as set forth above.

**WHEREFORE**, Ms. YOUNG prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION
VIOLATION OF TITLE VII
RETALIATION
(AGAINST HUD)**

30. Ms. YOUNG realleges and incorporates by reference Paragraphs 1 through 29 as if fully set forth herein.

31. This action is brought pursuant to Title VII to obtain relief for retaliation Ms. YOUNG suffered in employment as a result of her opposition to sex discrimination.

32. As an employee who lawfully opposed conduct which violated Title VII, Ms. YOUNG is a member of a protected group under Title VII.

33. Ms. YOUNG's protected conduct was a substantial or motivating factor of Defendant's retaliatory conduct against Ms. YOUNG as alleged above. Defendant's conduct was in violation of Title VII and has caused Ms. YOUNG to suffer damages as set forth above.

**WHEREFORE**, Ms. YOUNG prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1981
RACE DISCRIMINATION
(AGAINST ALL DEFENDANTS)**

34. Ms. YOUNG incorporates by reference Paragraphs 1 through 33, as if fully set forth herein.

35. In committing the acts and omissions alleged herein, Defendants intentionally, and without justification, deprived Ms. YOUNG of the rights, privileges and immunities secured to her by the Constitution and laws of the United States, particularly her right to be free from intentional discrimination based on race, as provided by 42 U.S.C. § 1981.

36. In doing each and all of the acts alleged herein, Defendants acted in conformance with the HUD's official policy, custom and practices of tolerating, encouraging and approving racial discrimination.

**WHEREFORE,** Ms. YOUNG prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
## VIOLATION OF TITLE VII
## RACE DISCRIMINATION
## (AGAINST DEFENDANT HUD)

37.  Ms. YOUNG incorporates by reference Paragraphs 1 through 35, as if fully set forth herein.

38.  This action is brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 U.S.C. Section 2000e *et seq.* (hereinafter "Title VII"), to obtain relief for Ms. YOUNG for discrimination in employment because of her race.

39.  Ms. YOUNG is a member of a protected group under Title VII of the Civil Rights Act.

40.  Defendant HUD's discriminatory actions against Ms. YOUNG in violation of Title VII have also caused and will continue to cause her loss of income, and losses of all other benefits accruing to said employment opportunity.

**WHEREFORE**, Ms. YOUNG prays for judgment against Defendants as follows:

1.  For compensatory and general damages according to proof;
2.  For medical and related expenses according to proof;
3.  For loss of earnings and/or earning capacity according to proof; and
4.  For exemplary and punitive damages;
5.  For costs of suit incurred herein, including reasonable attorneys' fees; and
6.  For such other and further relief as the Court may deem just and proper.

Dated: May 4, 2007

PRICE AND ASSOCIATES

*/s/ Pamela Y. Price*
PAMELA Y. PRICE, Attorney for Plaintiff M. HOPE YOUNG