PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile:  (510) 452-5625

Attorneys for Plaintiff
M. HOPE YOUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M. HOPE YOUNG,<br><br>             Plaintiff,<br>v.<br><br>ALPHONSO JACKSON, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE U.S. DEPT. OF HOUSING AND URBAN DEVELOPMENT, MARC ROTHBERG, GEORGE WEIDENFELLER, and FAYE AUSTIN,<br><br>             Defendants. | NO. C 07-02413 JSW<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND EMPLOYMENT DISCRIMINATION**<br>**(JURY TRIAL DEMANDED)** |

Plaintiff M. HOPE YOUNG, by and through her attorneys, alleges as follows:

**JURISDICTION AND VENUE**

1.     This action arises under 42 U.S.C. Sections 1981(a), 2000(e) and 1983. Plaintiff invokes jurisdiction over her federal claim pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  The acts and practices complained of herein occurred in the County of San

Francisco, California, within this judicial district.

**PARTIES**

2. Plaintiff M. HOPE YOUNG ("Ms. YOUNG") is, and at all times mentioned herein was, a citizen and resident of the State of California, residing in the County of Alameda. Commencing in or around 1992, and at all relevant times herein mentioned, YOUNG was an employee of the U.S. Department of Housing and Urban Development ("HUD").

3. At all relevant times herein mentioned, Defendant ALPHONSO JACKSON ("JACKSON") was the Secretary of HUD. The U.S. Senate unanimously confirmed Defendant JACKSON as the Secretary of HUD on March 31, 2004. In doing the things alleged herein, Defendant JACKSON was acting within the course and scope of his employment. He is sued in his official capacity only as an agent of HUD. At all relevant times herein mentioned, HUD was an independent agency of the United States government's Executive branch, charged with the duty and responsibility to increase home ownership and access to affordable housing, and support community development free from discrimination throughout the United States.

4. At all relevant times herein mentioned, Defendant FAYE AUSTIN ("AUSTIN") was Regional Counsel, Region IX of HUD. In doing the things alleged herein, Defendant AUSTIN was acting within the course and scope of her employment. She is sued in her individual capacity.

5. At all relevant times herein mentioned, Defendant MARC ROTHBERG ("ROTHBERG") was Supervisor Attorney, Region IX of HUD. In doing the things alleged herein, Defendant ROTHBERG was acting within the course and scope of his employment. He is sued in his individual capacity.

6. At all relevant times herein mentioned, Defendant GEORGE WEIDENFELLER ("WEIDENFELLER") was Deputy General Counsel of HUD. In doing the things alleged herein, Defendant WEIDENFELLER was acting within the course and scope of his employment. He is sued in his individual capacity.

///

## FACTUAL ALLEGATIONS

8. At all relevant times herein, Ms. YOUNG and Defendant AUSTIN, both African American women, held attorney positions at HUD.

9. Ms. YOUNG is employed as a GS-14 attorney, Step 7. Defendant AUSTIN is, and at all relevant times herein has been one of Ms. YOUNG's supervisors.

10. Throughout Ms. YOUNG's tenure, she has received numerous monetary performance awards that require an employee have an overall Highly or Outstanding performance review. Ms. YOUNG has received numerous commendations for her productivity and had never been reprimanded for failing to meet deadlines or departmental goals before Defendant ROTHBERG became her supervisor.

11. In or around late January 2004, Ms. YOUNG was passed over for a voluntary reassignment position to Supervisory Associate Field Counsel, Office of the General Counsel in San Francisco, California. Defendants AUSTIN and WEIDENFELLER held final decision-making authority over who would be assigned to the position of Supervisory Associate Field Counsel.

12. Prospective candidates for the Supervisory Associate Field Counsel position included Ms. YOUNG, Defendant ROTHBERG and a Hispanic female attorney. Both Ms. YOUNG and the other female attorney had significantly more experience in defensive litigation, fair housing enforcement and supervisory responsibilities than Defendant ROTHBERG. Nonetheless, Defendant ROTHBERG, a Caucasian male, was selected for the position.

13. Contrary to the procedures followed in other HUD offices around the nation, the Supervisory Associate Field Counsel position was not opened to competitive applications in Region IX. Instead, Defendants AUSTIN and WEIDNFELLER appointed Defendant ROTHBERG to the position. After being appointed to Supervisory Associate Field Counsel, Defendant ROTHBERG regularly sought advice from Ms. YOUNG in fair housing matters.

14. In March 2004, Ms. YOUNG sought counseling from HUD's Equal Opportunity Office (hereinafter "EEO") and filed a complaint against Defendants AUSTIN and WEIDENFELLER for discriminatory promotion practices. After receiving notice of Ms.

YOUNG's EEO complaint, Defendants AUSTIN and ROTHBERG adopted an increasingly hostile attitude and acted in an increasingly hostile manner toward Ms. YOUNG.

15. In the time since Ms. YOUNG filed her discrimination complaint with the EEO, Defendants ROTHBERG and AUSTIN have engaged in a course of conduct designed to harass and intimidate Ms. YOUNG, and created a hostile work environment for Ms. YOUNG. Defendants ROTHBERG and AUSTIN have falsely accused Ms. YOUNG of failing to perform assignments, neglecting her duties, and arriving late to work, and prohibited her from engaging in long-accepted courses of conduct with respect to teleworking, bereavement leave, and participation in HUD's credit-hour program.

16. After Ms. YOUNG filed the discrimination complaint with the EEO, Defendants ROTHBERG and AUSTIN began setting timelines and deadlines that were unreasonable or impossible for Ms. YOUNG to meet or comply with. In one instance, during September 2004, Defendant ROTHBERG demanded that Ms. YOUNG complete discovery before leaving for vacation, a task he knew to be impossible due to the court's hold on conducting discovery in the matter until the day before Ms. YOUNG's scheduled vacation.

17. As an attorney, Ms. YOUNG enjoyed flexible arrival times at the office, usually between 9:30 and 10:00 a.m, during her tenure at HUD. Ms. YOUNG's flexible arrival time had long been accepted by her supervisors, largely due to the fact that she regularly worked beyond the hours required in her job description. After Ms. YOUNG filed her EEO complaint, Defendant ROTHBERG began to monitor her daily arrival and departure times at work, often demanding that she fill out a leave slip for arrival at 9:35 or 9:40 a.m. Defendant ROTHBERG singled out Ms. YOUNG for punishment while ignoring the late arrival and early departure times of other similarly situated employees, including attorney Kim Marlia, a Caucasian male.

18. HUD allows its employees to work from home (known as "telework") up to three days a week. As a matter of course, employees of the San Francisco HUD office, including Ms. YOUNG, occasionally changed the day of the week on which they teleworked. After Ms. YOUNG filed her EEO complaint, she was informed by Defendant ROTHBERG that she would no

longer be allowed to change her telework day. Despite the restriction placed upon Ms. YOUNG, other staff continued to change their telework days.

19. In August 2004, Defendant ROTHBERG announced that he would cease acting as Supervisory Associate Field Counsel due to Defendant AUSTIN's demand that he discriminate against Ms. YOUNG. Less than two weeks later, Defendant ROTHBERG resumed his position as Supervisory Associate Field Counsel. Ms. YOUNG is informed and believes Defendants AUSTIN and WEIDENFELLER offered Defendant ROTHBERG additional incentives to return to the Supervisory Associate Field Counsel position.

20. Before filing her EEO complaint in March 2004, Ms. YOUNG participated in HUD's "credit hour" program. The credit hour program allows employees to take "credit" hours worked in excess of an employee's basic work requirement, therefore varying the length of the work week or work day. In September 2004, Defendant ROTHBERG suddenly and without notice suspended Ms. YOUNG's participation in HUD's credit hour program. Defendant ROTHBERG cited Ms. YOUNG's alleged lack of productivity as the reason for the suspension, despite the extraordinary amount of time Ms. YOUNG had dedicated to negotiating a $1.4 million fair housing settlement agreement, the largest of its kind in the nation at the time. In 2005 and 2006, Defendant ROTHBERG again unjustifiably suspended Ms. YOUNG's participation in HUD's credit hour program.

21. Performance Improvement Plans are given to employees whose performance is at the Marginally Successful level on one or more critical elements and are intended to assist employees in improving their performance. In 2005, Defendant ROTHBERG placed Ms. YOUNG on a Performance Improvement Plan, the first in her career at HUD. Despite a HUD policy that requires an employee placed on a PIP be provided with an explanation of how to improve, Defendant ROTHBERG refused to explain how Ms. YOUNG could improve her performance, stating only, "I'll know it when I see it."

22. In or about 2005, Ms. YOUNG was diagnosed with major depression, recurrent, and anxiety. In June 2007, Ms. YOUNG's psychiatrist provided written confirmation that

it was necessary that Ms. YOUNG's employer allow her to telework from home three days a week if Ms. YOUNG were to continue to work in a full-time capacity. Ms. YOUNG submitted a "reasonable accommodation" request to Defendant AUSTIN. Defendant AUSTIN denied Ms. YOUNG's request. Among the reasons provided for her denial of Ms. YOUNG's request was Defendant AUSTIN's belief that Ms. YOUNG is not disabled.

23. Ms. YOUNG has exhausted her administrative remedies with respect to the United States Civil Rights Act of 1964 (42 U.S.C. § 2000e) by submitting a charge to HUD's Office of Departmental Equal Employment Opportunity ("EEO"). On February 21, 2007, HUD issued a Final Agency Decision.

24. At all times herein mentioned, each Defendant was an employee and agent of each remaining Defendant, and acted within the scope of said employment and agency when committing the acts and omissions described in this Complaint. YOUNG believes and alleges that each wrongful act and omission by a Defendant was committed with express or implied approval of every other Defendant, and that each Defendant ratified and approved all acts and omissions of the others. Despite HUD's knowledge of Defendant AUSTIN and ROTHBERG's discriminatory conduct, it continued to employ them in management position, and thereby ratified and approved their actions.

## DAMAGES

25. As a result of the acts alleged herein, Ms. YOUNG sustained and will continue to sustain substantial loss of earnings, and benefits in an amount to be determined according to proof. In addition, Ms. YOUNG has suffered and will continue to suffer damages to her career and reputation, in an amount to be determined according to proof.

26. As a further proximate result of the Defendants' actions as alleged herein, Ms. YOUNG was humiliated, hurt and injured in her health, strength and activity, and suffered and continues to suffer loss of reputation, goodwill and standing in the community, scorn and humiliation, embarrassment, hurt feelings, mental anguish and suffering, depression, anxiety, loss of enjoyment of life, and a general loss of self-esteem and well-being, all to her damage in an amount

to be shown according to proof.

27. The individual Defendants' acts were willful, wanton, malicious and oppressive in that they knew or should have known that their conduct was unreasonable and illegal. Furthermore, Defendants' acts were carried out in wilful and conscious disregard of Ms. YOUNG's rights and well-being, entitling Ms. YOUNG to punitive damages in an amount appropriate to punish or make an example of them.

**FIRST CAUSE OF ACTION**
**VIOLATION OF TITLE VII**
**RETALIATION**
**(AGAINST HUD)**

28. Ms. YOUNG realleges and incorporates by reference Paragraphs 1 through 27 as if fully set forth herein.

29. This action is brought pursuant to Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 U.S.C. Section 2000e *et seq.* (hereinafter "Title VII") to obtain relief for retaliation Ms. YOUNG suffered in employment as a result of her opposition to race and sex discrimination.

30. Ms. YOUNG had a reasonable good faith belief that the actions of the Defendants violated Title VII. Based upon this belief, Ms. YOUNG filed a complaint for race and sex discrimination with Defendant HUD's Equal Employment Opportunity office.

31. Defendant HUD was aware that Ms. YOUNG engaged in protected activity, including but not limited to the discrimination complaint she filed with Defendant HUD's EEO office.

32. As a result of Ms. YOUNG's protected activity, Defendant HUD subjected Ms. YOUNG to a hostile work environment and adverse treatment, including but not limited to ratifying the retaliatory acts of Defendants AUSTIN and ROTHBERG. Ms. YOUNG's protected activity was a substantial or motivating factor for Defendant's retaliatory conduct against Ms. YOUNG as alleged herein.

33. In violation of Title VII, Defendants, their agents, representatives and

employees retaliated against Ms. YOUNG for exercising her statutorily protected rights and have caused Ms. YOUNG to suffer damages as set forth above.

**WHEREFORE**, Ms. YOUNG prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1981**
**RETALIATION**
**(AGAINST ALL DEFENDANTS)**

34. Ms. YOUNG realleges and incorporates by references Paragraphs 1 through 33 as if fully set forth herein.

35. This action is brought pursuant to 42 U.S.C. §1981 to obtain relief for retaliation Ms. YOUNG suffered in employment as a result of her opposition to race discrimination. In committing the acts and omissions alleged herein, Defendants intentionally, and without justification, deprived Ms. YOUNG of the rights, privileges and immunities secured to her by the Constitution and laws of the United States, particularly her right to be free from retaliation for engaging in protected activity, as provided by 42 U.S.C. § 1981.

36. Defendants AUSTIN and ROTHBERG were aware that Ms. YOUNG engaged in protected activity, including but not limited to the discrimination complaint she filed with Defendant HUD's EEO office.

37. As a result of Ms. YOUNG's protected activity, Defendants AUSTIN and ROTHBERG took adverse action against Ms. YOUNG, including but not limited to denial of Ms. YOUNG's request to use credit hours and participate in the telework program. Defendant HUD permitted and ratified Defendant AUSTIN and ROTHBERG's retaliatory actions.

38. Defendants, their agents, representatives and employees retaliated against Ms. YOUNG in violation of 42 U.S.C. §1981 and have caused Ms. YOUNG to suffer damages as set forth above.

**WHEREFORE**, Ms. YOUNG prays for relief as hereinafter set forth.

///

///

**THIRD CAUSE OF ACTION
VIOLATION OF TITLE VII
SEX DISCRIMINATION
(AGAINST HUD)**

39. Ms. YOUNG realleges and incorporates by reference Paragraphs 1 through 38 as if fully set forth herein.

40. This action is brought pursuant to Title VII to obtain relief for Ms. YOUNG discrimination and harassment Ms. YOUNG suffered in employment because of her sex.

41. As a female, Ms. YOUNG is a member of a protected group under Title VII.

42. Ms. YOUNG was subjected to Defendant ROTHBERG's discriminatory and harassing conduct as set forth above. Defendant ROTHBERG's conduct was unwelcome to Ms. YOUNG. Defendant ROTHBERG's conduct was sufficiently severe or pervasive to alter the conditions of Ms. YOUNG's employment and to create a hostile work environment.

43. Ms. YOUNG perceived her working environment to be a hostile working environment, and a reasonable woman in Plaintiff's circumstances would consider the working environment to be hostile.

44. Defendant ROTHBERG's conduct as set forth above was in violation of Title VII and caused Ms. YOUNG to suffer damages as set forth above.

**WHEREFORE**, Ms. YOUNG prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1981
RACE DISCRIMINATION
(AGAINST ALL DEFENDANTS)**

45. Ms. YOUNG incorporates by reference Paragraphs 1 through 44, as if fully set forth herein.

46. In committing the acts and omissions alleged herein, Defendants intentionally, and without justification, deprived Ms. YOUNG of the rights, privileges and immunities secured to her by the Constitution and laws of the United States, particularly her right to be free from intentional discrimination based on race, as provided by 42 U.S.C. § 1981.

///

47. In doing each and all of the acts alleged herein, Defendants acted in conformance with the HUD's official policy, custom and practices of tolerating, encouraging and approving racial discrimination.

**WHEREFORE,** Ms. YOUNG prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### VIOLATION OF TITLE VII
### RACE DISCRIMINATION
### (AGAINST DEFENDANT HUD)

48. Ms. YOUNG incorporates by reference Paragraphs 1 through 47, as if fully set forth herein.

49. This action is brought pursuant to Title VII to obtain relief for Ms. YOUNG for discrimination and harassment in employment because of her race.

50. Ms. YOUNG is a member of a protected group under Title VII of the Civil Rights Act.

51. Ms. YOUNG was subjected to intentional discrimination and unwelcome conduct based on her race by Defendants. The harassment was sufficiently severe or pervasive as to alter the conditions of Ms. YOUNG's employment and create an abusive working environment.

52. Defendant HUD's discrimination against Ms. YOUNG in violation of Title VII has caused and will continue to cause her loss of income, and losses of all other benefits accruing to said employment opportunity.

**WHEREFORE**, Ms. YOUNG prays for judgment against Defendants as follows:

1. Compensatory and special damages, including but not limited to, lost earnings and/or earning capacity, and damages for mental and emotional distress, according to proof at trial;

2. Punitive and exemplary damages in an amount appropriate to punish and make an example of the individual Defendants, to be determined at the time of trial;

3. For costs of suit incurred herein, including reasonable attorneys' fees; and

4. Injunctive relief against Defendant HUD, its agents and employees, enjoining

1 | them from denying, or aiding or inciting the denial of, the civil rights of any African American
2 | employees on the basis of race or sex, and compelling Defendant to take affirmative steps to insure
3 | a safe and fair work environment for any African American employees; and

    5.    For such other and further relief as the Court may deem just and proper.

Dated: August 10, 2007                PRICE AND ASSOCIATES

                                      /s/ *Pamela Y. Price*
                                PAMELA Y. PRICE, Attorneys for Plaintiff
                                M. HOPE YOUNG