SCOTT N. SCHOOLS (S.C.BN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

450 Golden Gate Avenue, Ninth Floor
San Francisco, California 94102
Telephone:    (415) 436-6909
Facsimile:    (415) 436-6748
Email: jonathan.lee@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M. HOPE YOUNG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALPHONSO JACKSON, SECRETARY OF ) <br> THE DEPARTMENT OF HOUSING AND ) <br> URBAN DEVELOPMENT; FAYE ) <br> AUSTIN; MARC ROTHBERG; AND ) <br> GEORGE WEIDENFELLER, ) <br> ) <br> Defendants. ) <br> _____) | No. C 07-2413 JSW <br><br> **MOTION TO DISMISS COMPLAINT UNDER RULE 12 (B) (6) FOR FAILURE TO STATE A CLAIM AND IN THE ALTERNATIVE UNDER RULE 12 (B) (1) FOR LACK OF JURISDICTION; DECLARATION OF JONATHAN U. LEE** <br><br> Date:    December 21, 2007 <br> Time:    9:00 a.m. <br> Place:   Courtroom 2, 17th Floor <br>          450 Golden Gate Avenue <br>          San Francisco, CA <br> Judge:   Hon. Jeffrey S. White |

### NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on the first date available, according to the Court's website description of scheduling protocols, namely **December 21, 2007 at 9:00 a.m.**, or as soon thereafter as the matter may be heard in the above-entitled Court, before the Honorable Jeffrey S. White, United States District Judge, Courtroom 2, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, the Federal Defendants ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; FAYE AUSTIN; MARC ROTHBERG; AND GEORGE WEIDENFELLER ("Federal Defendants") will and

MOTION TO DISMISS
C 07-2413 JSW                            -1-

hereby do move the court for an order as follows: (1) dismissing the second and fourth causes of action with prejudice (2) dismissing defendants Austin, Rothberg, and Weidenfeller from the action with prejudice, and (3) striking the prayer for punitive damages. The motion is made under the alternative grounds of failure to state a claim under Rule 12(b)(6) and lack of subject matter jurisdiction under Rule 12(b)(1). The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, Declaration of Jonathan U. Lee, and the pleadings and papers filed herewith.

DATED: October 12, 2007                    Respectfully submitted,

                                           SCOTT N. SCHOOLS
                                           United States Attorney


                                           /s/
                                           JONATHAN U. LEE
                                           Assistant United States Attorney
                                           Attorneys for the United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Relying on controlling, well-established precedent, this motion seeks to restrict plaintiff Hope Young to her exclusive remedy – a Title VII action against the head of her agency in an official capacity only. Before filing this motion, the U.S. Attorney's Office contacted plaintiff's counsel by letters dated September 28th and October 10th in an attempt to resolve the issues presented by stipulation, which efforts proved unsuccessful. The motion should be granted.

### PROCEDURAL HISTORY

Plaintiff filed this action on May 4, 2007. Docket #1. Plaintiff filed her First Amended Complaint ("FAC") on August 10, 2007. Docket #7. Plaintiff effectuated service of the First Amended Complaint on Defendants Austin and Rothenberg on August 13, 2007, on Defendant Weidenfeller on August 15, 2007, and on Defendant Secretary Jackson on August 17, 2007.

According to the FAC, the operative complaint, plaintiff is an attorney employed by the Department of Housing and Urban Development, who was subjected to racial discrimination and retaliation in the course and scope of her employment. The First Amended Complaint alleges

that each of the defendants acted in the course and scope of their employment at the Department of Housing and Urban Development. See FAC at ¶¶3-6, 24. There are five causes of action in the First Amended Complaint: (1) Retaliation in violation of Title VII against HUD, (2) Retaliation in violation of 42 U.S.C. § 1981 against all defendants, (3) Violation of Title VII Sex Discrimination against HUD, (4) Violation of 42 U.S.C. §1981 Race Discrimination against all defendants, and (5) Violation of Title VII Race Discrimination against HUD. The First Amended Complaint seeks punitive damages from the individual defendants. See, e.g., FAC at ¶27.

## ARGUMENT

### I.   Standards of Review.

Where subject matter jurisdiction is lacking, dismissal pursuant to Rule 12(b)(1) is the appropriate disposition. MacKay v. Pfiel, 827 F.2d 540, 543 (9th Cir. 1987). Once the defendant objects to a lack of subject matter jurisdiction, plaintiff bears the burden of establishing that the court has subject matter jurisdiction. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). To survive a motion to dismiss under Rule 12(b)(1), plaintiff must prove that the Court has jurisdiction to hear the case. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) ("Federal courts are of limited jurisdiction...It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction.").

A motion under Rule 12(b)(6) may be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The complaint should be construed in the light most favorable to the plaintiff. Geraci v. Homestreet Bank, 347 F.3d 749, 751 (9th Cir. 2003). While the material factual allegations are taken as true and construed in the light most favorable to the non-movant, the Court need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inference," or "allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## II. In This Employment Discrimination Action Arising From Her Federal Employment, Plaintiff's Exclusive Remedy Is To Bring An Action Invoking Title VII.

Plaintiff's exclusive remedy for workplace discrimination in her federal employment are her first, third and fifth causes of action under Title VII. Brown v. General Services Administration, 425 U.S. 820, 829 (1976)(Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination"); White v. General Services Administration, 652 F.2d 913, 916-17 (9th Cir. 1981) (affirming dismissal of claims brought under other federal statutes, including 42 U.S.C. §1981).

As a result, Plaintiff's second and fourth causes of action are not cognizable and should be dismissed with prejudice.

## III. The Only Appropriate Party Defendant Is The Secretary of Health And Human Services In An Official Capacity.

Plaintiff's Title VII claims may only be brought against the head of the federal agency she worked for and only in that person's official capacity. White v. General Services Administration, 652 F.2d 913, 916-17, n.4 (9th Cir. 1981); see also Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir.1995) ("Under Title VII there is no personal liability for employees, including supervisors").

Therefore, only Secretary Jackson is a proper defendant in this case and defendants Rothberg, Weidenfeller and Austin should be dismissed with prejudice.

## IV. Plaintiff Cannot Plead A Prayer for Punitive Damages In A Title VII Action Arising From Her Federal Employment.

Plaintiff's punitive damages claim cannot be maintained under Title VII. That statute provides: "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. §1981A(b)(1).

Therefore, plaintiff's claim for punitive damages should be removed from the complaint.

**V.   Defendant Sought To Avoid This Motion By Writing Plaintiff's Counsel Twice and Proposing a Stipulation and Proposed Order Based on These Controlling Legal Principles.**

On September 28, 2007, the U.S. Attorney's Office sent a letter to plaintiff's counsel seeking to resolve the issues presented by this motion without the need for a noticed motion to the Court and requesting, by October 3, 2007, plaintiff's authority for naming the individual defendants. Lee Declaration, Exhibit A. There was no response.

On October 10, 2007, the U.S. Attorney's Office sent a letter to plaintiff's counsel seeking agreement to a stipulation to address the controlling legal principles cited in this motion. Because the impending deadline for a responsive pleading, the U.S. Attorney's Office requested a response by noon on October 11, 2007. Lee Declaration, Exhibit B.

On October 11, 2007, the U.S. Attorney's Office received a message from plaintiff's counsel, through her assistant, stating that plaintiff's attorney was out of town this week and unavailable for a substantive response until early the following week and after consulting with her client Ms. Young. Lee Declaration, ¶4.

Plaintiff's counsel has brought employment discrimination actions against the federal government in the past and knows about these controlling legal principles. Hopefully, plaintiff and her counsel will agree to the dismissals and other corrections to the operative complaint sought by this motion, without the necessity of a hearing.

## CONCLUSION

Defendants respectfully requests that the Court grant this motion.

DATED: October 12, 2007                    SCOTT N. SCHOOLS
                                           United States Attorney


                                           /s/
                                           JONATHAN U. LEE
                                           Assistant United States Attorney
                                           Attorneys for Defendants JACKSON, ROTHBERG,
                                           WEIDENFELLER, and AUSTIN

## DECLARATION OF JONATHAN U. LEE

I, JONATHAN U. LEE, declare:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Northern District of California. I am licensed to practice law in California and to appear before this Court. I am the counsel of record in the captioned matter and I am familiar with the pleadings, discovery and files in this action. I make this declaration from my own personal knowledge. If called as a witness, I could and would competently testify to the contents of this declaration.

2. I wrote a letter to plaintiff's attorney Pamela Y. Price, Esq. dated September 28, 2007. A true and correct copy of my letter to Ms. Price is attached hereto as **Exhibit A**. I did not receive a response to that letter from Ms. Price.

3. I wrote a letter to Ms. Price dated October 10, 2007 and enclosed a proposed stipulation and order to dismiss the non-Title VII causes of action, dismiss the individual defendants other than Secretary Jackson, and remove the prayer for punitive damages from the operative complaint. A true and correct copy of my letter and proposed stipulation is attached hereto as **Exhibit B**.

4. Yesterday, October 11, 2007, my assistant Manik Bowie received a message from Ms. Price, through her assistant, and the message was to inform me that Ms. Price was out of town this week and would not get back to me about the proposed stipulation until next week when she returned and after consulting with her client.

I declare under penalty of perjury that the foregoing is true and accurate and that I have executed this declaration on October 12, 2007 in San Francisco, California.

　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　JONATHAN U. LEE
　　　　　　　　　　　　　　　　Assistant United States Attorney

MOTION TO DISMISS
C 07-2413 JSW                    -6-

# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Northern District of California*

---

*450 Golden Gate Avenue, Tenth Floor*          *(415) 436-6909*
*San Francisco, California 94102*              *FAX:(415) 436-6748*

September 28, 2007

**VIA FACSIMILE (510-452-5625) and U.S. MAIL**

Pamela Y. Price, Esq.
Price and Associates
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612

       Re:   *M. Hope Young v. Alphonso Jackson*
              Civil Action No. C 07-2413 JSW

Dear Ms. Price:

       The undersigned has been assigned to defend this action. We write to request that you dismiss the individual defendants, immediately and with prejudice, because in this case the exclusive remedy for workplace discrimination in federal employment is an action against the Secretary of the Department of Housing and Urban Development in his official capacity. We are aware of no authority to support your inclusion of claims against individual defendants Marc Rothberg, George Weidenfeller, Faye Austin in this case, but if you have any authority that provided you with a good faith belief you could name individual defendants in this action, please advise immediately. We also request that you dismiss any claim in the complaint that is not cognizable under Title VII and any claim brought under any other federal statutes, on the grounds that your client's recourse is Title VII, exclusively. Please advise of your position by close of business next Wednesday, October 3, 2007. Thank you.

                                        Very truly yours,
                                        SCOTT N. SCHOOLS
                                        United States Attorney

                                        JONATHAN U. LEE
                                        Assistant United States Attorney

# Exhibit B

U.S. Department of Justice

*United States Attorney*
*Northern District of California*

*450 Golden Gate Avenue, Tenth Floor*  (415) 436-6909
*San Francisco, California 94102*      FAX:(415) 436-6748

October 10, 2007

**VIA FACSIMILE (510-452-5625) and U.S. MAIL**

Pamela Y. Price, Esq.
Price and Associates
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612

    Re:    <u>*M. Hope Young v. Alphonso Jackson*</u>
            <u>Civil Action No. C 07-2413 JSW    </u>

Dear Ms. Price:

    On September 28, 2007, I wrote you a letter requesting dismissal of the individual defendants, immediately and with prejudice, because of the exclusivity of Title VII to your client's allegations. I also requested that you provide any authority that provided you with a good faith belief you could name the individual defendants Rothberg, Weidenfeller or Austin. I asked for your response by October 3rd.

    Hearing no response from you, I have prepared the enclosed stipulation and proposed order, which would (1) dismiss the non-Title VII claims, (2) dismiss the individual defendants, and (3) remove the punitive damages claim, all in conformity with controlling legal principles already known to you. Please review this stipulation and let me know by **noon tomorrow** if you will agree to it. If not, I will be forced to prepare a motion to dismiss by Friday. Thank you.

                                        Very truly yours,
                                        SCOTT N. SCHOOLS
                                        United States Attorney

                                        JONATHAN U. LEE
                                        Assistant United States Attorney

```
1   SCOTT N. SCHOOLS (S.C.BN 9990)
    United States Attorney
2   JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
3   JONATHAN U. LEE (SBN 148792)
    Assistant United States Attorney
4
        450 Golden Gate Avenue, Ninth Floor
5       San Francisco, California 94102
        Telephone:    (415) 436-6909
6       Facsimile:    (415) 436-6748
        Email: jonathan.lee@usdoj.gov
7
    Attorneys for Federal Defendants
8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M. HOPE YOUNG, | No. C 07-2413 JSW |
| Plaintiff, | **STIPULATION AND PROPOSED ORDER** |
| v. | |
| ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; FAYE AUSTIN; MARC ROTHBERG; AND GEORGE WEIDENFELLER, | |
| Defendants. | |

**BY AND THROUGH THEIR COUNSEL OF RECORD, THE PARTIES STIPULATE AS FOLLOWS AND REQUEST THAT THE COURT ENTER THE ATTACHED PROPOSED ORDER:**

1. Plaintiff filed this action on May 10, 2007. Plaintiff filed her First Amended Complaint on August 10, 2007. Plaintiff effectuated service of the First Amended Complaint on Defendants Austin and Rothenberg on August 13, 2007, on Defendant Weidenfeller on August 15, 2007, and on Defendant Secretary Jackson on August 17, 2007.

2. According to the First Amended Complaint, plaintiff is an attorney employed by the Department of Housing and Urban Development, who was subjected to racial

Stipulation and Proposed Order
C 07-2413 JSW                              -1-

discrimination and retaliation in the course and scope of her employment. The First Amended Complaint alleges that each of the defendants acted in the course and scope of their employment at the Department of Housing and Urban Development. There are five causes of action in the First Amended Complaint: (1) Retaliation in violation of Title VII against HUD, (2) Retaliation in violation of 42 U.S.C. § 1981 against all defendant, (3) Violation of Title VII Sex Discrimination against HUD, (4) Violation of 42 U.S.C. §1981 Race Discrimination against all defendants, and (5) Violation of Title VII Race Discrimination against HUD. The First Amended Complaint seeks punitive damages from the individual defendants.

3. Plaintiff's exclusive remedy for workplace discrimination in her federal employment are her first, third and fifth causes of action under Title VII. Brown v. General Services Administration, 425 U.S. 820, 829 (1976)(Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination"); White v. General Services Administration, 652 F.2d 913, 916-17 (9th Cir. 1981) (affirming dismissal of claims brought under other federal statutes, including 42 U.S.C. §1981). Plaintiff's second and fourth causes of action are not cognizable and should be dismissed.

4. Plaintiff's Title VII claims may only be brought against the head of the federal agency she worked for and only in that person's official capacity. White v. General Services Administration, 652 F.2d 913, 916-17, n.4 (9th Cir. 1981); see also Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th Cir.1995) ("Under Title VII there is no personal liability for employees, including supervisors ..."). Therefore, only Secretary Jackson is a proper defendant in this case and defendants Rothberg, Weidenfeller and Austin should be dismissed.

5. Plaintiff's punitive damages claim cannot be maintained under Title VII. That statute provides: "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if the complaining party demonstrates that the respondent engaged in a discriminatory practice

or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. §1981A(b)(1). Therefore, plaintiff's claim for punitive damages should be removed from the complaint.

6. On September 28, 2007, the U.S. Attorney's Office sent a letter to plaintiff's counsel seeking to resolve the issues presented by this stipulation without the need for a noticed motion to the Court and requesting plaintiff's authority for naming the individual defendants.

7. In light of the foregoing, the parties agree that the foregoing is correct, the proposed order be entered, and that plaintiff be permitted ten court days in which to file a Second Amended Complaint consistent with the Court's order confirming this stipulation.

**SO STIPULATED.**

DATED: October __, 2007                    PRICE AND ASSOCIATES

                                           _____
                                           PAMELA Y. PRICE
                                           Attorneys for Plaintiff M. HOPE YOUNG

DATED: October __, 2007                    SCOTT N. SCHOOLS
                                           United States Attorney

                                           _____
                                           JONATHAN U. LEE
                                           Assistant United States Attorney
                                           Attorneys for Defendants JACKSON, ROTHBERG,
                                           WEIDENFELLER, and AUSTIN

**PROPOSED ORDER**

**SO ORDERED.** Plaintiff shall file an amended complaint consistent with this order within ten court days of this Order.

DATED: October __, 2007

                                           _____
                                           HON. JEFFREY S. WHITE
                                           United States District Judge

Stipulation and Proposed Order
C 07-2413 JSW                              -3-