```
1  SCOTT N. SCHOOLS (S.C.BN 9990)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  JONATHAN U. LEE (SBN 148792)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Ninth Floor
5      San Francisco, California 94102
       Telephone:      (415) 436-6909
6      Facsimile:      (415) 436-6748
       Email: jonathan.lee@usdoj.gov
7
   Attorneys for Federal Defendants
8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M. HOPE YOUNG,<br><br>  Plaintiff,<br><br>v.<br><br>ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; FAYE AUSTIN; MARC ROTHBERG; AND GEORGE WEIDENFELLER,<br><br>  Defendants. | No. C 07-2413 JSW<br><br>**PROPOSED ORDER GRANTING MOTION TO DISMISS**<br><br>Date:  December 21, 2007<br>Time:  9:00 a.m.<br>Place:  Courtroom 2, 17th Floor<br>    450 Golden Gate Avenue<br>    San Francisco, CA<br>Judge:   Hon. Jeffrey S. White |

**FOR GOOD CAUSE**, the Court **GRANTS** the motion.

Plaintiff's exclusive remedy for workplace discrimination in her federal employment are her first, third and fifth causes of action under Title VII. Brown v. General Services Administration, 425 U.S. 820, 829 (1976)(Title VII is "an exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination"); White v. General Services Administration, 652 F.2d 913, 916-17 (9th Cir. 1981) (affirming dismissal of claims brought under other federal statutes, including 42 U.S.C. §1981). Plaintiff's second and fourth causes of

1  action are dismissed with prejudice.

2  Plaintiff's Title VII claims may only be brought against the head of the federal agency she
3  worked for and only in that person's official capacity.  White v. General Services Administration,
4  652 F.2d 913, 916-17, n.4 (9th Cir. 1981); see also Greenlaw v. Garrett, 59 F.3d 994, 1001 (9th
5  Cir.1995) ("Under Title VII there is no personal liability for employees, including supervisors
6  ...").  Therefore, only Secretary Jackson (in an official capacity only) is a proper defendant in this
7  case and defendants Rothberg, Weidenfeller and Austin are dismissed with prejudice.

8  Title VII does not permit a punitive damages claim against the federal government.  The
9  statute provides: "A complaining party may recover punitive damages under this section against a
10 respondent (other than a government, government agency or political subdivision) if the
11 complaining party demonstrates that the respondent engaged in a discriminatory practice or
12 discriminatory practices with malice or with reckless indifference to the federally protected rights
13 of an aggrieved individual." 42 U.S.C. §1981A(b)(1).  Therefore, plaintiff's claim for punitive
14 damages is inappropriate and will be stricken from the new amended complaint.

15 Plaintiff shall have ten days from the date of this order to file a new amended complaint
16 consistent with this Order.  Defendant Jackson shall have up to ten days thereafter to file his
17 answer or other responsive pleading.

18 **SO ORDERED**.

JEFFREY S. WHITE
United States DISTRICT JUDGE