1  PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
   PRICE AND ASSOCIATES
2  A Professional Law Corporation
   The Latham Square Building
3  1611 Telegraph Avenue, Suite 1450
   Oakland, CA 94612
4  Telephone: (510) 452-0292
   Facsimile:  (510) 452-5625
5  Attorneys for Plaintiff
   M. HOPE YOUNG
6
   SCOTT N. SCHOOLS (S.C.BN 9990)
7  United States Attorney
   JOANN M. SWANSON (SBN 88143)
8  Chief, Civil Division
   JONATHAN U. LEE (SBN 148792)
9  Assistant United States Attorney
       450 Golden Gate Avenue, Ninth Floor
10     San Francisco, California 94102
       Telephone:      (415) 436-6909
11     Facsimile:      (415) 436-6748
       Email: jonathan.lee@usdoj.gov
12 Attorneys for Federal Defendants

13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16                SAN FRANCISCO DIVISION

17  M. HOPE YOUNG,                    )   No. C 07-2413 JSW
                                      )
18          Plaintiff,                )   **JOINT CASE MANAGEMENT**
                                      )   **STATEMENT AND PROPOSED**
19  v.                                )   **ORDER**
                                      )
20  ALPHONSO JACKSON, SECRETARY OF )
    THE DEPARTMENT OF HOUSING AND )      Date:    December 21, 2007
21  URBAN DEVELOPMENT; FAYE        )      Time:    1:30 p.m.
    AUSTIN; MARC ROTHBERG; AND      )      Place:   Courtroom 2, 17th Floor
22  GEORGE WEIDENFELLER,             )               450 Golden Gate Avenue
                                      )               San Francisco, CA
23          Defendants.               )   Judge:   Hon. Jeffrey S. White
    _____)

24

25

26

27

28

1      According to Northern District Civil Local Rule 16-9, requiring counsel to file a Joint Case

2 Management Statement addressing all of the topics set forth in the Standing Order for All Judges

3 of the Northern District of California – Contents of Joint Case Management Statement, dated

4 March 1, 2007, the parties through their counsel of record file the following Joint Case

5 Management Statement:

6      1.  Jurisdiction and Service

7     The Court has jurisdiction under Title VII of the Civil Rights Act of 1964.  The parties are

8 plaintiff M. Hope Young and defendant Secretary of Housing and Urban Development.  The

9 defendant has been served.

10      2.  Relevant Facts

11     Plaintiff:    Plaintiff M. Hope Young has been employed as an attorney in the Office of

12 Counsel of the Dept. of Housing and Urban Development since 1992, specializing in fair

13 housing.  She is currently employed as an Attorney/GS-14.  In March 2004, Regional Counsel

14 Faye Austin and Deputy General Counsel George Weidenfeller made a decision to fill a

15 supervisory position through a voluntary reassignment process, bypassing the requirements of a

16 vacancy announcement and the normal promotional process.  Plaintiff contends that this decision

17 was made to preclude her from being considered for this promotional opportunity based upon her

18 race (African-American) and gender (female), and that the reassignment selection process was

19 used to ensure the selection and subsequent promotion of Marc Rothberg, a Caucasian male.

20     On May 11, 2004, Ms. Young filed a formal EEO Complaint of Discrimination. She

21 amended her initial EEO Complaint on October 7, 2004.  Immediately following the filing of this

22 Complaint, Ms. Young alleges that Messrs. Rothberg and Weidenfeller and Ms. Austin engaged

23 in a course of conduct intended to harass and intimidate Ms. Young, and created a hostile work

24 environment for her in retaliation for her EEO complaint.  Ms. Young alleges that since May

25 2004 up until the present day, supervisors Rothberg and Austin have, *inter alia*, falsely accused

26 her of (a) failing to perform assignments, (b) neglecting her duties and (c) arriving late to work;

27 hired and instructed her co-workers to spy on her; unfairly placed on a Performance Improvement

28 Plan; denied her the benefits of long-accepted attendance practices with respect to teleworking,

bereavement leave, and participation in HUD's credit-hour program; set timelines and deadlines that were unreasonable or impossible for her to meet or comply with; began to monitor her daily arrival and departure times at work; and singled her out for punishment while ignoring the late arrival and early departure times of other similarly situated employees, including attorney Kim Marlia, a Caucasian male.

More recently, these supervisors have denied her requests for reasonable accommodation based upon her disability, subjected her to disciplinary actions, modified her work assignments, and issued her an unfavorable performance evaluation. On November 23, 2007, Ms. Young filed a subsequent EEO Complaint for disability discrimination which is pending. She intends to amend this action to include the claims arising from Defendant's continuing retaliation.

Defendant:  This is an employment discrimination lawsuit filed by Melissa Hope Young, who is a GS-14 Attorney-Advisor in the Region IX Office of Counsel of the Department of Housing and Urban Development ("HUD") in San Francisco, California. Plaintiff named Alphonso Jackson, Secretary of HUD, in his official capacity. Plaintiff alleges that HUD discriminated against her due to her race (African-American) and her sex (female), and reprisal for prior equal employment opportunity activity. She alleges, inter alia: (1) she was passed over for a reassignment to a supervisory position in the Region IX office, (2) she was subsequently harassed and retaliated against for prior EEO activity when her supervisor i) suspended her participation in the Credit Hour Program, ii) disapproved various requests to work credit hours, iii) placed her on a Performance Improvement Plan, iv) accused her of failing to complete assignments timely, v) repeatedly accused her of tardiness, and vi) prohibited her from using bereavement leave.

Defendant denies there was any discrimination or retaliation against plaintiff.

Regarding the supervisory position, this was a voluntary reassignment, not an announced vacancy. Defendant considered but did not select plaintiff for the reassignment to the supervisory position because she was not the most experienced candidate, had a poor attendance history, and was not complete in her work product.

Regarding plaintiff's credit hour program claim, defendant approved plaintiff's Credit Hour program requests when appropriate and warranted by her work load. At times, her requests were

1    not warranted or appropriate and in those instances defendant did not approve plaintiff's request.

2    Regarding the performance improvement plan claim, defendant contends that it instituted a

3    performance improvement plan because plaintiff's performance needed improvement.  After

4    plaintiff provided work status reports and prioritized her work load appropriately, and after

5    weekly meetings with her supervisor to implement the plan, plaintiff's performance improved

6    and she was removed from the PIP.

7    As for plaintiff's failure to complete assignments timely, this fact was documented and

8    addressed in the performance improvement plan.

9    Regarding the tardiness claim, plaintiff has been habitually tardy in appearing to work during

10   approved hours.  This is documented and has been addressed directly with plaintiff.

11   Regarding plaintiff's bereavement leave claim, plaintiff provided a leave slip on March 3,

12   2005 indicating one half hour of bereavement leave the previous day for "death in the family."

13   Plaintiff's supervisor requested that she provide the required information, including the name and

14   relationship of the family member.  When plaintiff provided this information, within a few days,

15   the supervisor approved the bereavement leave request.

16   3.  <u>Legal Issues</u>

17   Defendants:

18   I.    Discrimination: Can plaintiff establish the prima facie elements of racial

19        discrimination by showing disparate treatment, namely that she was "singled out

20        and treated less favorably than others similarly situated on account of race or any

21        other criterion impermissible under [Title VII]?" <u>Gay v. Waiters' and Dairy</u>

22        <u>Lunchmen's Union, Local No. 30</u>, 694 F.2d 531, 537 (9th Cir. 1982); <u>McDonnell</u>

23        <u>Douglas Corp. v. Green</u>, 411 U.S. 792, 802, 803 (1973).

24   II.   Discrimination:  Can the defendant articulate a legitimate nondiscriminatory

25        reason for the alleged adverse employment actions?

26   III.  Discrimination:  Once the defendant carries this burden, will plaintiff be able to

27        demonstrate that the "'assigned reason' was 'a pretext or discriminatory in its

28        application.' " <u>Lynn v. Regents of the Univ. of California</u>, 656 F.2d 1337, 1341

(9th Cir. 1981) (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973)).

IV.    Retaliation: Will plaintiff be able to carry her burden to show that: (1) she engaged in a protected activity; (2) she suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002).

V.    Retaliation:  If the plaintiff establishes a prima facie case of retaliation, will defendant be able to carry its burden to articulate a legitimate, non-retaliatory explanation for the adverse employment action. See Winarto v. Toshiba America Electronics Components, Inc., 274 F.3d 1276, 1284 (9th Cir. 2001).

VI.    Retaliation: If the employer rebuts the inference of retaliation, the burden shifts back to the plaintiff to show that the defendant's explanation is merely a pretext for impermissible retaliation.  See Brooks v. San Mateo, 229 F.3d 917, 928 (9th Cir. 2000).

VII.    Nature and scope of damages, if any.

PLAINTIFF:

a.    Whether Ms. Young's race or gender activity was a motivating factor in Defendant's decision not to promote her in January 2004.  (Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1067 (9th Cir. 2003), citing Costa v. Desert Palace, Inc., 299 F.3d 838, 856-57 (9th Cir. 2002), affirmed, Desert Palace, Inc., v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); see also McGinest v. GTE Service Corp., 360 F.3d 1103, 1122-1123 (9th Cir. 2004).)

b.    Whether Ms. Young was targeted for discrimination or harassment because of her membership in two protected groups: that of a racial minority and female.  (Lam v. University of Hawaii, 40 F.3d 1551, 1561-1562 (9th Cir. 1994).)

c.    Whether Ms. Young was subjected to persistent and ongoing harassment that was sufficiently severe to change the terms and conditions of her employment.  (Meritor Sav. Bank v.

1 | *Vinson* (1986) 477 U.S. 57, 66-67, 106 S.Ct. 2399, 2404-2405, 91 L.Ed.2d 49; *Draper v. Coeur*

2 | *Rochester, Inc.*, 147 F.3d 1104, 1107-1109 (9th Cir. 1998).)

3 |        d.     Whether the cumulative effect of numerous discrete acts polluted Ms. Young's

4 | work environment and created a hostile work environment.  (*Morgan v. Amtrak*, 232 F.3d 1008,

5 | 1017 (9th Cir. 2000), *affirmed in part, reversed in part*; *National Passenger Railroad Corp. v.*

6 | *Morgan* (2002) 536 U.S. 101, 115, 122 S.Ct. 2061, 2072, 153 L.Ed.2d 106); *Porter v. CDC*, 419

7 | F.3d 885, 891 (9th Cir. 2005) (*as amended* August 5, 2005); *Oncale v. Sundowner Offshore*

8 | *Services, Inc.* (1998) 523 U.S. 75, 81-82, 118 S.Ct. 998, 1003, 140 L.Ed.2d 201).)

9 |     4.  <u>Motions</u>

10 | Defendants:  The parties anticipate that motions for summary judgment will be filed and

11 | hereby request a hearing date be assigned at this conference, if possible.

12 |     5.  <u>Amendment to the Pleadings</u>

13 |      Defendant: None anticipated.

14 |      Plaintiff: Plaintiff has additional claims for retaliation and other discriminatory acts that

15 | have occurred since the filing of this action.  Subject to the exhaustion of any additional

16 | administrative requirements, plaintiff will seek leave to amend this complaint.

17 |     6.  <u>Evidence Preservation</u>

18 |      Defendants:  The Federal Defendant has secured all e-mail activity on the HUD e-mail

19 | accounts of the following persons: defendants Weidenfeller, Austin, and Rothberg and plaintiff.

20 | Defendant requests that plaintiff take all appropriate measures to preserve evidence, including

21 | electronically stored data, exclusively within her possession, care, custody or control.

22 |     7.  <u>Disclosures</u>

23 |      The parties have agreed to exchange of Rule 26 disclosures within 14 days of the Case

24 | Management Conference.

25 |     8.  <u>Discovery</u>

26 |      The parties have met and conferred and make the following proposal.

27 |     A)    Depositions: Plaintiff believes she'll need to seek leave to take 20-25 depositions.

28 |      Defendant will seek leave to take 10 depositions.  These will include:

1)    Plaintiff – all aspects of the claims

2)    Fernandez-Pifer, Rosemarie – HUD co-worker identified by plaintiff as having knowledge of discrimination against plaintiff in the 2004 supervisor selection

3)    Hill, Tyrone – – former HUD co-worker identified by plaintiff as having knowledge of discrimination against plaintiff in the 2004 supervisor selection, as well as additional instances of discrimination, retaliation, etc.

4)    Kilibarda, Hana – former HUD co-worker identified by plaintiff as having knowledge of discrimination against plaintiff in the 2004 supervisor selection

5)    Lee, Ji – HUD intern with knowledge of plaintiff's work place relationships in general and with Mr. Rothberg specifically including several episodes of alleged discrimination, etc.

6)    Lui, Josephine – HUD paralegal with knowledge of plaintiff's work place relationships in general and with Mr. Rothberg specifically including several episodes of alleged discrimination, etc. and plaintiff's attendance patterns

7)    Marlia, Kim – HUD attorney and co-worker with knowledge of plaintiff's claims generally and knowledge of plaintiff's attendance and related performance and disciplinary issues

8)    Murakami, Dennis – plaintiff's former supervisor, who plaintiff identifies as a witness to the qualifications of plaintiff and the selectee Mr. Rothberg for the nonselection claim

9-10)   Plaintiff's medical care providers (2) yet to be identified

Plaintiff's list of deponents includes all of the foregoing lay witnesses listed by defendants.

With respect to Nos. 2, 4, 7 & 8 (Rosemarie Fernandez-Pifer, Hana Kilibarda,

Kim Marlia and Dennis Murakami), in addition to the topics listed by defendants, Plaintiff believes they have knowledge of the continuing incidents of retaliation and harassment and the hostile environment for Plaintiff.

With respect to Kim Marlia, Plaintiff believes that he will also testify to the disparate treatment of Plaintiff with respect to attendance practices and daily arrival and departure times.

9)    Linda Cruciani - HUD Attorney with knowledge of Plaintiff's work assignments in 2004 and continuing acts of retaliation and discrimination from then until 2007

10)    Victor Wilson - HUD employee hired and assigned specifically to monitor Plaintiff's presence and activities in the workplace with directions to report back to Plaintiff's supervisors

11)    Sam Hutchinson - HUD Attorney with knowledge of continuing acts of retaliation and discrimination from 2004 up to 2007

12)    Richard Thomas - similarly situated Caucasian male attorney who was treated differently with respect to attendance and commuting practices.

13)    Naomi de la Mora - HUD Attorney with knowledge of Plaintiff's work assignments in 2004 and acts of retaliation and discrimination against Plaintiff

B)    Written Discovery:  Defendant to serve requests for production of documents, interrogatories and requests for admission on or before January 31, 2008, to cover the subjects of evidence to support or relating to the plaintiff's liability contentions, plaintiff's statements, treatment received for plaintiff's physical and emotional injuries, and any other claim of damages.

Plaintiff intends to serve written interrogatories, requests for admissions and requests for production of documents regarding the bases for her non-selection for

the supervisory position, the decision to fill the position by a voluntary reassignment in lieu of the promotional process utilized for the same position in all of the other regions, the bases for the various decisions made regarding Plaintiff's work assignments, denial of teleworking requests, denial of bereavement leave, suspension of credit-hour participation, monitoring of her attendance, and criticism of her work performance, including but not limited to the issuance of a performance improvement plan.

C)    Rule 35 examinations – Plaintiff has placed her physical and mental health in issue by her allegations and therefore Defendant requests an order permitting two examinations by independent experts.

9.    <u>Class Actions</u>

Not applicable.

10.    <u>Related Cases</u>

None known.

11.    <u>Relief Sought</u>

Plaintiff's complaint seeks general and compensatory damages, medical expenses and related expenses, loss of earnings and earning capacity, costs of suit, attorneys fees, injunctive relief, and other relief the Court deems just and proper.

12.    <u>Settlement and ADR</u>

The parties agree to mediation through the Court's ADR department.  Defendant requests that it be timed to take place after the completed deposition of the plaintiff.  Plaintiff requests either that the mediation take place in accordance with the early timing normally set by the ADR department or that if it is going to take place after discovery commences than plaintiff requests an opportunity to conduct discovery as well.  Furthermore, plaintiff requests that if the Court chooses to delay ADR pending discovery then plaintiff requests that each party be limited to one 7 hour deposition before mediation.

13.    <u>Consent to Magistrate Judge For All Purposes</u>

The parties do not consent.

14. Other References

None at this time.

15. Narrowing of Issues

The motions described above may limit or narrow issues before trial.

16. Expedited Schedule

None suggested.

17. Scheduling

| | |
|---|---|
| Trial: | November 17, 2008 |
| Pretrial Conference: | October 24, 2008 |
| Dispositive motion filing deadline: | June 27, 2008 |
| Dispositive motion hearing: | August 1, 2008 |
| Fact discovery cut off: | April 21, 2008 |
| Expert disclosure and Rule 26 reports: | August 8, 2008 |
| Settlement Conference (if summary judgment denied): | September 2008 |

The parties propose the foregoing schedule after discussion of their pre-existing trial commitments and vacation schedules.

18. Trial

Defendant anticipates the trial length is 1.5 to 2 weeks. Plaintiff estimates a trial length of three to five weeks. Proposed trial date is November 17, 2008.

19. Disclosure of Non-Party Interested Entities or Persons

Federal Defendant believes they are exempt from this requirement because they are federal governmental entities or federal officers. Plaintiff is not aware of any.

20. Such Other Matters As May Facilitate Just, Speedy and Inexpensive Resolution

Plaintiff to provide at the time of the initial disclosures a complete list of medical care providers from January 1, 2004 to the present and a signed authorization to release medical records, including the provisions of HIPAA, in light of her prayer for damages alleging medical expenses. Defendant to provide at the time of the initial disclosure an identification of contemporaneous evidence, if any, relied upon by former defendants

Austin and Weidenfeller for plaintiff's nonselection for the supervisory position.

DATED: December 14, 2007          LAW OFFICES OF PAMELA Y. PRICE

                                             /s/
                                  _____
                                  PAMELA Y. PRICE
                                  Attorneys for M. Hope Young

DATED: December 14, 2007          SCOTT N. SCHOOLS
                                  United States Attorney

                                             /s/
                                  _____
                                  JONATHAN U. LEE
                                  Assistant United States Attorney
                                  Attorneys for the United States of America

**PROPOSED ORDER**

IT IS SO ORDERED.

    Dated: December __, 2007     _____
                                  Hon. Jeffrey S. White
                                  UNITED STATES DISTRICT JUDGE