SCOTT N. SCHOOLS (S.C.BN 9990)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

   450 Golden Gate Avenue, Ninth Floor
   San Francisco, California 94102
   Telephone:    (415) 436-6909
   Facsimile:    (415) 436-6748
   Email: jonathan.lee@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M. HOPE YOUNG, | No. C 07-2413 JSW |
| Plaintiff, | **ANSWER TO FIRST AMENDED COMPLAINT** |
| v. | |
| ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | |
| Defendant. | |

ANSWER
C 07-2413 JSW      -1-

1  Defendant, Alphonso Jackson, Secretary, Department of Housing and Urban Development, through undersigned counsel, answers the First Amended Complaint. With respect to the numbered paragraphs in the Complaint, defendant responds as follows:

## JURISDICTION AND VENUE

1. This paragraph contains Plaintiff's pleading of jurisdiction. Defendant agrees that jurisdiction is appropriate under 28 U.S.C. § 1331 for Plaintiff's claims under 42 U.S.C. § 2000e. Defendant contends that there is no jurisdiction over Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983, and plaintiff has stipulated to remove those claims from the complaint. Defendant agrees that venue is proper in this district.

## PARTIES

2. Defendant does not have sufficient information to admit or deny these facts. Defendant admits that Plaintiff was employed by the U.S. Department of Housing and Urban Development ("HUD").

3. Admit.

4. Admit that Ms. Austin was Regional Counsel acting within her employment during the time period alleged. Defendant does not concede that Ms. Austin can be sued in her individual capacity. Plaintiff stipulated to the dismissal of all claims against Ms. Austin in her individual capacity. The Court approved the stipulation on November 21, 2007, ordering dismissal of those claims.

5. Admit that Mr. Rothberg was acting within his employment during the time period alleged. Defendant does not concede that Mr. Rothberg can be sued in his individual capacity. Plaintiff stipulated to the dismissal of all claims against Mr. Rothberg in his individual capacity. The Court approved the stipulation on November 21, 2007, ordering dismissal of those claims.

6. Admit that Mr. Weidenfeller was acting within his employment during the time period alleged. Defendant does not concede that Mr. Weidenfeller can be sued in his individual capacity. Plaintiff stipulated to the dismissal of all claims against Mr. Weidenfeller in his individual capacity. The Court approved the stipulation on November 21, 2007, ordering dismissal of those claims.

1    7. No paragraph 7 in Plaintiff's First Amended Complaint.

**FACTUAL ALLEGATIONS**

8. Admit.

9. Admit.

10. Admit in part and deny in part. Defendant admits that Plaintiff has received awards for Highly Successful and Outstanding performance ratings during her career at HUD. Defendant denies that Plaintiff had never been reprimanded for failing to meet deadlines before Mr. Rothberg became her supervisor. For example, in 2001, Dennis Murakami issued Plaintiff an oral admonishment reduced to writing for her lack of productivity and her failure to arrive at work on time.

11. Admit in part and deny in part. Defendant admits that in January 2004, Ms. Austin reassigned Mr. Rothberg to the position of Supervisory Associate Field Counsel. Defendant denies that Plaintiff was "passed over."

12. Admit in part and deny in part. Ms. Austin considered Plaintiff, Mr. Rothberg, and Rosemarie Fernandez-Pifer for the Supervisory Associate Field Counsel position. Defendant denies that Plaintiff and Fernandez-Pifer had more experience in defensive litigation, fair housing enforcement and supervisory responsibilities than Mr. Rothberg. Defendant admits that Mr. Rothberg was selected for the position of Supervisory Associate Field Counsel.

13. Admit in part and deny in part. The Supervisory Associate Field Counsel position was not opened to competitive applications. Ms. Austin reassigned Mr. Rothberg into the position. Defendant denies the remainder of the allegations in this paragraph.

14. Admit in part and deny in part. Defendant admits that Plaintiff contacted a HUD Equal Employment Opportunity ("EEO") counselor in March 2004, and lodged an informal complaint against Ms. Austin and Mr. Weidenfeller. Defendant denies the remainder of the allegations in this paragraph.

15. Deny.

16. Deny.

1    17. Admit in part and deny in part. Mr. Rothberg did monitor Plaintiff's arrival times at work, and he requested that she take leave when she was late. Defendant denies the remainder of the allegations in this paragraph.

18. Admit in part and deny in part. HUD does have a telework program for its employees. Defendant denies the remainder of the allegations in this paragraph.

19. Admit in part and deny in part. Defendant admits that Mr. Rothberg temporarily resigned his position as Supervisory Associate Field Counsel. Defendant denies the reminder of the allegations in this paragraph.

20. Admit in part and deny in part. HUD does have a Credit Hour Program, in which employees work longer than an 8 ½ hour workday, so that they may use that additional time in lieu of annual or other types of leave. The program is described is described in Article 20 of the May 13, 2005 Labor Management Agreement between HUD, Region IX and the National Federal of Federal Employees Local 1450. Plaintiff participated in this program. Mr. Rothberg suspended Plaintiff's participation in the program on September 23, 2004, and sporadically denied her requests to work credit hours in 2005 and 2006, because of Plaintiff's lack of productivity or lack of work. Defendant admits that Plaintiff advised the Office of Fair Housing and Equal Opportunity in the Felchlin v. Lambert Development et al. settlement in 2004. Defendant denies the remainder of the allegations in this paragraph.

21. Admit in part and deny in part. Mr. Rothberg gave Plaintiff a Performance Improvement Plan ("PIP") on March 4, 2005. Plaintiff's performance was Marginally Successful in Critical Element 6, Quantity of Work, for the 2004-2005 performance appraisal period. PIPs are intended to assist employees in improving their performance. Defendant denies the remainder of the allegations in this paragraph. Furthermore, Plaintiff grieved her performance rating for the 2004-2005 performance rating. Plaintiff elected her remedy, the grievance process provided by the Labor Management Agreement between HUD and NFFE Local 1450, and therefore Plaintiff is estopped from pursuing this claim again in this Court.

22. Admit in part and deny in part. Defendant does not have sufficient information to admit or deny Plaintiff's diagnosis or to admit or deny when Plaintiff received a diagnosis. Defendant

ANSWER
C 07-2413 JSW                                -4-

1 admits that Plaintiff submitted a request for reasonable accommodation in April 2007 and that
2 this request was denied in part because Defendant concluded that Plaintiff did not meet the
3 definition of a disabled individual.  Defendant denies the remainder of the allegations in this
4 paragraph.

5     23. Admit in part and deny in part.  HUD did issue a Final Agency Decision on February 21,
6 2007.  Whether or not Plaintiff has exhausted her administrative remedies is a legal conclusion
7 for which no response is required, however, Defendant denies that Plaintiff has exhausted her
8 administrative remedies for all of her claims.

9     24. Admit in part and deny in part.  Defendant admits that all defendants were acting within
10 the scope of their employment.  Plaintiff has stipulated to the dismissal of her claims against the
11 individual defendants.  Defendant denies the remainder of the allegations in this paragraph.

**DAMAGES**

13    25. This is a recitation of Plaintiff's damages and no response is required.
14    26. This is a recitation of Plaintiff's damages and no response is required.
15    27. Deny.  Plaintiff has stipulated to the dismissal of her claims against the individually
16 named defendants. Plaintiff also stipulated to the dismissal of her punitive damages claim.

**FIRST CAUSE OF ACTION – VIOLATION OF TITLE VII – Retaliation (Against HUD)**

18    28. Plaintiff realleges Paragraphs 1-27.  Defendant repeats its responses to Paragraphs 1-27.
19    29. This is a conclusion of law, no response is required.
20    30. Defendant does not have sufficient information to admit or deny the facts in this
21 paragraph.
22    31. Deny.
23    32. Deny.
24    33. Deny.

**SECOND CAUSE OF ACTION – VIOLATION OF 42 U.S.C. §1981 – Retaliation (Against All Defendants)**

27    34. Plaintiff realleges Paragraphs 1-33.  Defendant repeats its responses to Paragraphs 1-33.
28 Plaintiff stipulated to the dismissal of this claim.

1  35. This is a conclusion of law, no response is required, but to the extent Plaintiff is alleging acts by the Defendants, they are denied.

2  36. Deny.

3  37. Deny.

4  38. This is a conclusion of law, no response is required, but to the extent Plaintiff is alleging acts by the Defendants, they are denied.

**THIRD CAUSE OF ACTION – VIOLATION OF TITLE VII – Sex Discrimination**

**(Against HUD)**

39. Plaintiff realleges Paragraphs 1-38.  Defendant repeats its responses to Paragraphs 1-38.

40. This is a conclusion of law and no response is required.

41. This is a conclusion of law and no response is required.

42. This is a conclusion of law, no response is required, but to the extent Plaintiff is alleging acts by the Defendant, they are denied.

43. This is a conclusion of law, no response is required, but to the extent Plaintiff is alleging acts by the Defendant, they are denied.

44. This is a conclusion of law, no response is required, but to the extent Plaintiff is alleging acts by the Defendant, they are denied.

**FOURTH CAUSE OF ACTION – VIOLATION OF 42 U.S.C. §1981 – Race Discrimination**

**(Against All Defendants)**

45. Plaintiff realleges Paragraphs 1-44.  Defendant repeats its responses to Paragraphs 1-44. Plaintiff stipulated to dismissal of this claim.

46. This is a conclusion of law, no response is required, but to the extent Plaintiff is alleging acts by the Defendants, they are denied.

47. Deny.

**FIFTH CAUSE OF ACTION – VIOLATION OF TITLE VII – Race Discrimination**

**(Against HUD)**

48. Plaintiff realleges Paragraphs 1-47.  Defendant repeats its responses to Paragraphs 1-47.

49. This is a conclusion of law and no response is required.

50. This is a conclusion of law and no response is required.

51. This is a conclusion of law, no response is required, but to the extent Plaintiff is alleging acts by the Defendant, they are denied.

52. This is a conclusion of law, no response is required, but to the extent Plaintiff is alleging acts by the Defendant, they are denied.

## **AFFIRMATIVE DEFENSES**

For further and separate answer, defendant alleges the following affirmative defenses:

1. Plaintiff fails to state a claim upon which relief can be granted.
2. Plaintiff has failed to exhaust administrative remedies for some of her claims and therefore the Court lacks jurisdiction over all or some of plaintiff's claims.
3. All actions of the defendant being challenged by plaintiff were taken for legitimate, non-discriminatory and non-pretextual reasons.
4. Plaintiff is not entitled to recover punitive damages in this case.
5. Plaintiff failed to mitigate her damages, if any, she suffered.
6. If defendant has engaged in any discriminatory or retaliatory actions, he nevertheless is not liable because he would have engaged in the same adverse employment actions, if any, in the absence of such discrimination or retaliation.
7. Plaintiff is estopped from arguing that she was discriminated against or retaliated against in the manner alleged in this lawsuit.
8. The acts about which plaintiff complains, or some of them, are not sufficiently severe as to entitle plaintiff to relief.
9. Defendant is not liable for any discrimination or retaliation if it has occurred because (a) he was not actually or legally aware that such discrimination or retaliation occurred or (b) plaintiff did not meet her obligations of informing defendant of such discrimination or retaliation or (3) both.
10. Defendant exercised reasonable care to prevent and correct promptly any harassing behavior and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the defendant, or to avoid harm otherwise.

**WHEREFORE**, defendant prays that:

1. The complaint be dismissed;

2. Plaintiff take nothing by this action;

3. The Court enter judgment in favor of defendant on all claims; and

4. The Court grant such other and further relief as it deems proper.

DATED: December 20, 2007          SCOTT N. SCHOOLS
                                  United States Attorney


                                   /s/
                                  JONATHAN U. LEE
                                  Assistant United States Attorney
                                  Attorneys for the United States of America