# LUELLA E. NELSON
*Arbitrator • Mediator • Factfinder*
Luella.Nelson@NAArb.Org

| | |
|---|---|
| *CALIFORNIA OFFICE* | *OREGON OFFICE* |
| 4096 Piedmont Avenue, #159 • Oakland, CA 94611-5221 | 4306 NE Mason Street • Portland, OR 97218-1737 |
| (510) 658-4959 • FAX (510) 658-9423 | (503) 281-8343 • FAX (503) 281-8493 |

February 18, 2008

Pamela Y. Price, Esq.　　　　　　　　　　　　　　　　　VIA E-MAIL: pypesq@aol.com
Price and Associates
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA   94612


Jonathan U. Lee, Esq.　　　　　　　　　　　　　　　　VIA E-MAIL: jonathan.lee@usdoj.gov
Assistant United States Attorney
450 Golden Gate Avenue, Ninth Floor
San Francisco, CA   94102

RE:   M. HOPE YOUNG V. ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; FAYE AUSTIN; MARC ROTHBERG; AND GEORGE WEIDENFELLER
Civil No. C 07-2413 JSW

Dear Counsel:

As you know, I have been appointed by the District Court to serve as the mediator in this case under the court's Mediation program. Please be sure to review carefully ADR L.R. 6 which governs the Mediation program.

Attached is a resume describing my professional experience. Also attached is a brief description of the mediation process, accompanied by a set of proposed ground rules that I have found useful as a starting point for discussions. If either party feels it is desirable to modify or add to those ground rules, I encourage you to bring that up at the outset of the mediation session.

Pursuant to ADR L.R. 6-6, I will conduct a phone conference with all counsel before the formal mediation to discuss the following:

- the procedures to be followed;
- the nature of the case;
- appropriate dates for the mediation and anticipated length of the session;
- the parties who will be present at the session;
- ideas to improve the effectiveness of the mediation session or matters that could pose impediments;
- requirements for your written mediation statements; and
- any questions you might have about the mediation program.

I anticipate the telephone conference will last approximately one-half hour. I will call each of you in the next few days to determine your availability for the telephone conference, which I hope to conduct before March 4. Before the telephone conference, please ascertain from your clients and any insurers a selection of dates upon which the mediation may be conducted.

M. HOPE YOUNG v. ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; FAYE AUSTIN; MARC ROTHBERG; AND GEORGE WEIDENFELLER
February 18, 2008
Page 2



Looking at my calendar, my best dates for a mediation at the moment are March 14, 17, and 18. I understand the final date that the mediation can be held is March 21, but that the parties intend to seek an extension of time of 30 days. Please let me know if that extension is granted so we can plan accordingly.

My conflicts check revealed no actual or potential conflicts of interest under 28 U.S.C. §455(a) and (b), and I am not aware of any other circumstances that would compromise my impartiality or the appearance of impartiality.

I look forward to assisting you on this case.

               Very truly yours,

               Luella E. Nelson

cc: Clerk's Office - ADR Unit Alice_Fiel@cand.uscourts.gov
   Attachments