JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney
    450 Golden Gate Avenue, Ninth Floor
    San Francisco, California 94102
    Telephone:    (415) 436-6909
    Facsimile:    (415) 436-6748
    Email: jonathan.lee@usdoj.gov

Attorneys for Federal Defendant

PAMELA Y. PRICE, ESQ. (STATE BAR NO. 107713)
PRICE AND ASSOCIATES
A Professional Law Corporation
The Latham Square Building
1611 Telegraph Avenue, Suite 1450
Oakland, CA 94612
Telephone: (510) 452-0292
Facsimile:  (510) 452-5625
Attorneys for Plaintiff
M. HOPE YOUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M. HOPE YOUNG, <br><br> Plaintiff, <br><br> v. <br><br> ALPHONSO JACKSON, SECRETARY OF THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, <br><br> Defendant. | No. C 07-2413 JSW <br><br> **STIPULATION OF SETTLEMENT AND PROPOSED ORDER** |

BY AND THROUGH THEIR ATTORNEYS OF RECORD, THE PARTIES AGREE TO

THE FOLLOWING STIPULATION AND [PROPOSED] ORDER:

1. The parties are plaintiff Melissa Hope Young ("M. Hope Young," "Young," or

"plaintiff") and defendant Secretary of the Department of Housing and Urban

Development ("Federal Defendant," "defendant" or "HUD").  The parties do hereby

agree to settle, compromise and dismiss the above-captioned action ("This Action") under the terms and conditions set forth herein.

2. The Federal Defendant agrees to pay the sum of One Hundred Twenty Five Thousand Dollars and No Cents ($125,000.00) to plaintiff, made payable to the trust account of her attorney, Pamela Y. Price, Esq., under the terms and conditions set forth herein (referred to as "Payment to Plaintiff"). The Federal Defendant agrees to pay the sum of Fifty Thousand Dollars and No Cents ($50,000.00) to plaintiff's attorney Pamela Y. Price, Esq., under the terms and conditions set forth herein (referred to as "Attorneys Fees Payment"). The total amount of the settlement (referred to as "Settlement Amount") is the sum of the Payment to Plaintiff and the Attorneys Fees Payment. The Settlement Amount, therefore, is One Hundred and Seventy Five Thousand Dollars and No Cents ($175,000.00) exactly.

3. The plaintiff and her heirs, executors, administrators, assigns and attorneys hereby agree to accept the Settlement Amount in full and final settlement and satisfaction of the claims raised in this Action under the terms and conditions set forth herein.

4. It is also agreed, by and among the parties, that the Settlement Amount represents the entire amount payable to plaintiff and her heirs, executors, administrators, assigns, agents, representatives, consultants and attorneys.

5. It is also agreed by and among the parties that neither party to this agreement may make any claim for attorney's fees or other costs or expenses of litigation against any other party, their agents, servants, or employees, in their personal and official capacities.

6. Plaintiff agrees that her signature on this agreement confirms her resignation from her employment with HUD immediately, with her resignation to be effective June 13, 2008.

7. Plaintiff agrees to report to HUD's Office of Regional Counsel, San Francisco, on May 19, 2008 at 11:30 a.m. to: (1) turn in any keys to the office and HUD identification credentials or badges, (2) process her resignation, (3) turn in any HUD property, and (4) pack her personal belongings. In addition, plaintiff agrees that as of May 22, 2008, she will not access any HUD computer systems, including but not limited to her HUD e-mail

address or any other HUD e-mail address. At approximately 11:30 a.m. on May 19, 2008, a representative of HUD's information technology staff will provide Ms. Young with copies of any and all personal e-mails sent to her HUD e-mail address after 5:00 p.m. on May 14, 2008, the list of her e-mail addresses or contact list, and saved e-mail messages identified by Ms. Young at that time. However, this agreement does not affect plaintiff's ability to access HUD "Virtual University" between May 15, 2008 and June 13, 2008. In addition, in the seven days following this agreement, counsel for plaintiff (Ms. Price) and counsel for the Agency (AUSA Lee) will work out the language of a mutually acceptable message to be sent from Ms. Young's HUD e-mail address until June 13, 2008.

8. Until June 13, 2008, plaintiff agrees to work three work days per work week from home, telecommuting, and agrees to complete a written assignment to prepare a written document outlining each fair housing violation described in the Fair Housing Act. This written assignment should be returned to the HUD, Office of General Counsel, on June 13, 2008. For the other two work days each work week, plaintiff will use her paid leave balances first, followed by unpaid leave.

9. Defendant agrees that it will remove from plaintiff's official personnel file the following: (1) the May 2005 Performance Improvement Plan, (2) written reprimands for the period January 1, 2004 to the present, and (3) suspensions for the period January 1, 2004 to the present.

10. Defendant agrees it will change the 2007 and the 2005 evaluation of plaintiff from "fully" to "highly" but defendant will not provide a writing in connection with these revised evaluations.

11. Plaintiff agrees that she will not apply for employment at HUD for a period of ten years following the date of her signature on this agreement.

12. In consideration of the payment of the Settlement Amount and the other terms of this Stipulation, the plaintiff agrees that she will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims

asserted in this Action or any claims that could have been asserted in this Action, which is captioned *M. Hope Young v. Secretary of the Department of Housing and Urban Development*, C 07-2413 JSW.  The fully executed Stipulation of Dismissal will be held by counsel for the defendant and will be filed with the Court upon receipt by plaintiff's counsel of the settlement amount.

13. Defendant agrees to tender payment of the Settlement Amount on or before June 13, 2008 to plaintiff's attorney Pamela Y. Price, Esq., provided that plaintiff complies with the terms of this agreement by fully completing her voluntary resignation from HUD.  Plaintiff's compliance with the terms of the agreement regarding her voluntary resignation is a condition precedent to Defendant's obligation to make the lump sum payment described herein.

14. Defendant agrees that HUD's Office of General Counsel's Administrative Officer, currently Ms. Sinthea Kelly, in Washington, D.C., will be the point of contact for inquiries by prospective employers about Ms. Young's work history at HUD.  HUD's OGC's Administrative Officer will tell these prospective employers that: "M. Hope Young worked as an attorney in the Office of Regional Counsel, San Francisco, Department of Housing and Urban Development, from 1991-2008.  She received "outstanding" performance reviews in 2000-2004 and "highly successful" performance reviews in 2005-2007.  Ms. Young also received performance awards on 2000-2007 and she received individual time off awards in 2003-2006."

15. The parties further agree that the filing of this executed Stipulation and Agreement shall notify the Court of the parties' request to vacate the pending case management date associated with this litigation.

16. In consideration of the payment of Settlement Amount and the other terms set forth in this Stipulation and Agreement, as set forth above, the plaintiff hereby releases and forever discharges the Federal Defendant and any and all of its past and present officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature

whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to this Action, including all claims of discrimination, harassment and retaliation asserted by plaintiff in any Equal Employment Opportunity ("EEO") complaint filed while plaintiff worked for the Federal Defendant or any and all claims that could have been asserted in the EEO Complaints, and grievances or complaints of any kind under any labor agreements applicable to plaintiff's employment, and any claims of any kind whatsoever relating to plaintiff's employment with HUD.  Ms. Young's pending workers compensation claim is addressed in a separate agreement between Ms. Young and HUD.

17. The provisions of California Civil Code Section 1542 are set forth below:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The parties, having been apprised of the statutory language of Civil Code Section 1542 by their attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights each may have pursuant to the provision of that statute and any similar provision of federal law.  The parties understand that if the facts concerning the plaintiff's claimed injury and the liability of the Federal Defendant, or their agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed to be true, this agreement shall be and remain effective notwithstanding such material difference.

18. The parties acknowledge that neither this Stipulation and Agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant, or his agents, servants, or employees.  This agreement is entered into by the parties for the purpose of compromising disputed claims and avoiding the expenses and risks of litigation.

19. This Stipulation and Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving

any person or party which arises out of the claims released and discharged by this agreement.

20. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Stipulation and Agreement.

21. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Stipulation and Agreement and that they have had the contents of this Stipulation and Agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this Stipulation and Agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this Stipulation and Agreement.

22. If any provision of this Stipulation and Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this agreement.

23. Defendant agrees that it will not take administrative action on any pending investigation by the Inspector's General Office of the HUD.

SO STIPULATED.

Dated: May 15, 2008         /s/
                            M. HOPE YOUNG, Plaintiff

Dated: May 15, 2008         By: /s/
                            PAMELA Y. PRICE
                            PRICE AND ASSOCIATES

|   |   |
|---|---|
|   | Attorneys for Plaintiff M. HOPE YOUNG |
|   |   |
|   | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| Dated: May 15, 2008 | By: /s/<br>JONATHAN U. LEE<br>Assistant United States Attorney<br>Attorneys for the Federal Defendant |

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated: _____

The Honorable JEFFREY S. WHITE
United States District Judge